Per Curiam.—For the reasons stated in the foregoing opinion, the order appealed from is affirmed.

---

STATE ex rel. HEINZE et al., Relators, v. DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT et al., Respondents.

(No. 1,985.)

(Submitted October 14, 1903.  Decided November 9, 1903.)

*Mines and Mining—Conflicting Claims to Ore Bodies—Pending Suit—Inspection and Survey—Order—Costs—Review.*

1. The propriety of making an order of inspection and survey rests in the discretion of the district court, and the supreme court will not revise the action of that court, except when it is made manifest that this discretion has been abused.

2. In a suit to determine the ownership of mining veins depending on asserted ownership of the apex, an order granting an inspection and survey of the workings will not be disturbed because no necessity existed therefor, and the adverse party already had knowledge of the existing condition necessary to its defense, where it appeared that developments were continually taking place, and that the initial points from which surveys of underground work-

ings were made shifted their position, and to make a complete survey it was necessary to review the former surveys to determine with accuracy the relative positions of the new openings made.

3.   In a suit to determine the ownership of veins depending on the asserted ownership of the apex, an order granting an inspection and survey of the workings will not be disturbed as covering matters not in controversy because the vein in dispute was described by plaintiff's witnesses as passing out of plaintiff's claim on its dip at a certain level, and the workings below that level were on veins not in controversy, as defendant should be permitted to examine the workings, and determine for itself whether or not such conditions existed.

4.   Where, in a suit to determine ownership of veins, it appears that plaintiff's shaft is the only means of access to the workings in controversy, the court, in permitting defendants to inspect and survey the workings, may allow ingress into and egress from the mine by means of plaintiff's machinery and appliances.

5.   Under Code of Civil Procedure, Section 1317, requiring an applicant for an inspection of mining property to pay all the expenses of examination, an order granting an inspection, which fails to provide for the compensation, is defective.

ORIGINAL application by the state, on the relation of F. Augustus Heinze and Johnstown Mining Company against the district court of the Second judicial district, and Hon. William Clancy, judge thereof, to the supreme court under its supervisory power, for an order setting aside an order of said district court permitting the inspection and survey of the underground workings of applicants' mine.

*Mr. John J. McHatton,* and *Mr. J. M. Denny,* for Relators.

*Mr. C. F. Kelley,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On March 30, 1901, F. Augustus Heinze and the Johnstown Mining Company brought an action in the district court of Silver Bow county against the Boston & Montana Consolidated Copper & Silver Mining Company to quiet title to the Minnie Healy quartz lode.   The controversy grows out of conflicting claims between the parties to certain ore bodies lying beneath the surface of the Piccolo and Gambetta claims, owned by the defendant, and lying north of the Minnie Healy claim, to which plaintiffs assert title.

The complaint alleges that a certain vein, which has its apex within the surface of the Minnie Healy claim, and is so situated with reference to its end lines as to give the plaintiffs title to exterior portions thereof, dips to the north, and passes into the claims of the defendant. The situation of the claims and the contentions of the parties will be understood by reference to the statement of facts and the accompanying diagram in *State ex rel. Heinze* v. *District Court*, 26 Mont. 416, 68 Pac. 794, 946. It will not be necessary to restate the facts here. The action out of which that controversy grew was brought on the same day as the action out of which the present controversy arises, the latter being numbered on the district court calendar as cause No. 9,159 and the former as cause No. 9,161. Why both actions were brought is not apparent, as the issues presented by them seem to be substantially identical.

To the complaint filed in this cause, after some amendments, a demurrer was interposed, and the matter now stands upon the issue of law thus presented.

After the review of the order by this court in cause 9,161 in *State ex rel. Heinze* v. *District Court, supra,* that cause was, for some reason, dismissed, and the order of survey therein made became inoperative. On August 24, 1903, the defendant applied to the district court in cause 9,159 for an order permitting it to inspect and survey the underground workings in the Minnie Healy claim, and after a hearing thereon the court granted the order, directing that the defendant, through its agents, be permitted during ten days to inspect and survey all openings in the claim, extending toward or into the Piccolo and Gambetta claims, and all other openings therein, except certain ones extending to the south and into the Snohomish and Tramway claims, and after the expiration of ten days to make weekly inspection thereof until a hearing of the cause could be had. The order further provides and directs that the plaintiffs shall permit the agents of the defendant ingress into and egress from the workings through their shaft in the Minnie Healy claim, and shall lower and raise them into and from the mine at rea-

sonable times.   The order omits to provide any payment to the
plaintiffs for the necessary use of their hoisting machinery from
time to time as it is used for the benefit of the defendant.

The plaintiffs have applied to this court for an order under
its supervisory power setting aside the order of the district court
as not justified by the facts.   The objections urged are:   (1)
That the evidence shows that there was no necessity for the
order, in that it appears from the record that the defendant
already has knowledge of the physical facts and conditions nec-
essary to its defense; (2) that the physical facts and conditions
of which defendant seeks knowledge are apart from the matters
in controversy in the action, in that the vein in dispute is par-
ticularly described in the complaint as passing out of the Minnie
Healy on its dip at the 300-foot level, and that the workings
below that level are upon veins not in controversy in the action;
(3) that the order is violative of the rights of the plaintiffs in
requiring the plaintiffs to furnish to the defendant's agents the
use of the machinery and appliances upon the Minnie Healy
claim for the purposes of the survey and inspection; and (4)
that the order violates the plaintiffs' constitutional rights.

As to the plaintiffs' first and second objections, it is sufficient
to say that the propriety of making an order of survey and in-
spection rests in the discretion of the district court, and that
this court will not revise the action of that court, except when
it is made manifest that this discretion has been abused.   We
have examined with care the somewhat voluminous record pre-
sented upon the application, and are unable to say that the court
erred in granting the order, or in extending it so as to cover all
the workings in the Minnie Healy claim, even though it be ad-
mitted that the defendant has some knowledge of them.   It ap-
pears from the evidence that work is being conducted in the
claim, and that development is constantly taking place.   Open-
ings made are timbered, so that they may not afterwards be
examined without difficulty and expense.   Some of them are
filled with waste from time to time, and the facts and conditions
shown by them thus escape attention.   This condition of things

has existed since the dismissal of cause No. 9,161, since which time the defendant has not been able to make weekly inspections authorized under it.   Furthermore, it appears from the evidence that the initial points from which surveys of the underground workings are made shift their position from time to time because of movements in the earth, or are destroyed by mining operations; and that it is impossible to take up a survey after it has been discontinued for some length of time, and make the openings which have been made in the workings in the meantime appear as extensions of any former survey with any degree of accuracy.   In order to make a complete survey, it is necessary to review such former survey, in order to determine with any degree of accuracy the relative positions of the new openings made; hence the district court was not in error in permitting a resurvey of all the workings, although such survey had already been made under the former order.   It certainly was within the discretion of the court, under the former holding of this court, to permit weekly inspections of the work of development in progress.

It does not necessarily follow, because some of the plaintiffs' witnesses testify that the vein in controversy passes out of the Minnie Healy ground at the 300-foot level, and is wholly disconnected from other veins in the Minnie Healy ground, that the defendant should not be permitted to examine such workings, and determine for itself whether or not these conditions actually exist.   It is not bound to assume that the vein in controversy passes out of the Minnie Healy ground at the 300-foot level simply because plaintiffs' witnesses testify so; nor is it bound to assume that this vein is not connected with other veins in the Minnie Healy ground; nor is it bound to assume from this testimony that the workings within the Minnie Healy surface below the 300-foot level are not connected by workings extending northward into defendant's ground with the ore bodies in controversy, it appearing that there are extensive workings below that level.   Doubtless the court took into consideration the fact that it is impossible to know the extent and significance

of openings which are several hundred feet under the surface of the earth without a personal inspection of them. However this may be, in cause No. 9,161, involving almost identically the same issues as the present controversy involves, this court affirmed the order of the district court permitting an examination of all the workings in the Minnie Healy claim, excluding those which extend southward into the Snohomish and Tramway claims. Under the views expressed in that case, with the facts before it which are embodied in the record upon this application, the district court was justified in making the order applicable to all the workings in the Minnie Healy claim.

The third and fourth objections are disposed of by the decision in *State ex rel. Parrot Silver & Copper Co.* v. *District Court,* 28 Mont. 528, 73 Pac. 230. The court had the power to compel the plaintiffs to allow defendant ingress into and egress from the mine by means of plaintiffs' machinery and appliances. The evidence in the record tends to show that the Minnie Healy shaft is the only means of access to the workings in controversy. There is no contention made upon this application that such is not the case. To say that the court has power to make an order of survey and inspection, but that it has no power to make it effective by requiring the party in possession of the ground to be inspected to furnish the mode of access to the property, is to deny the power of the court to make it at all. Such temporary invasion of the property rights of a party to an action is not a taking or damaging of property within the purview of the constitutional prohibition. As was said in the above case: "Every citizen has the right to the exclusive enjoyment of his property without interruption or invasion. Yet this general rule of right must, under the circumstances of the case, yield to the higher right of public necessity, that equal justice may be administered upon conflicting rights of different citizens. Every citizen holds his property subject to this burden, and when the necessity arises his private right must give way to this higher law."

The order is defective in that it fails to provide for the com-

pensation contemplated by Section 1317 of the 'Code of Civil Procedure, but it is not void because it invades any constitutional right of the plaintiffs. As this omission is material, the district court is directed to reform it in this respect, unless the parties may, by stipulation, render the action of the court unnecessary. If the parties cannot themselves stipulate as to what this expense is, the court may hear testimony, and, after fixing what the reasonable cost of raising and lowering defendant's agents is, amend its order by directing the defendant to pay it. The order, when so amended, will be affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY: I concur in all that is said except upon that portion of the order requiring relators to make use of their machinery and other appliances to lower and raise the agents of the defendant company. Upon that feature I content myself with a reference to my dissenting opinion in *State ex rel. Parrot Silver & Copper Co. v. District Court*, 28 Mont. 547, 73 Pac. 230.